J-S44018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LANNY B. HARRIS | |
| Appellant | No. 1901 EDA 2015 |

Appeal from the PCRA Order entered October 23, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0903241-2002

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 24, 2016**

Appellant, Lanny B. Harris, appeals *pro se* from the order the Court of Common Pleas of Philadelphia County entered on October 23, 2013 dismissing his petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The PCRA court summarized the relevant background in its July 28, 2015 opinion, which we adopt here by reference. Briefly, on March 17, 2005, following a probation revocation hearing, Appellant was sentenced to five to ten years' imprisonment in connection with his guilty plea to possession of a controlled substance (cocaine) with intent to deliver.

Appellant filed a PCRA petition on August 29, 2006, which the PCRA court dismissed on May 22, 2009. On January 28, 2013, Appellant filed the instant PCRA petition, his second, which the PCRA court dismissed on

October 23, 2013, as untimely. On November 26, 2013, Appellant filed another PCRA petition, his third. The PCRA court appointed counsel, and on August 14, 2014 an amended PCRA petition was filed. On May 29, 2015, the PCRA court granted *nunc pro tunc* reinstatement of Appellant's right to appeal from the dismissal of the January 2013 PCRA petition. Upon request, Appellant's counsel was allowed to withdraw from the representation.

Appellant *pro se* timely appealed the order dismissing his second PCRA petition. The PCRA court ordered Appellant to file Pa.R.A.P. a 1925(b) statement within 21 days of the order. Appellant, however, failed to do so. The PCRA court order denying as untimely Appellant's January 28, 2013 PCRA petition is now before us for disposition.

Appellant argues the trial court erred in several instances with regard to his prior filings.[1] Nowhere, however, does Appellant explain whether we can entertain the merits of his challenges. In fact, we cannot.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its

_____

[1] Appellant alleges he filed an untimely motion for reconsideration on October 21, 2005, which the trial court failed to treat as a PCRA petition. There is no record of a motion filed on that day. The trial court's docket sheet shows an entry on October 31, 2005 stating: "PETITION FILE MAINTENANCE ADMINISTRATIVE DELETION". The entry following the October 31, 2005 notation concerns the filing, on August 29, 2006, of Appellant's PCRA petition.

conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014).

A PCRA petition, including a second or a subsequent petition, must be filed within one year of the judgment becoming final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). There are some exceptions to this general rule. It is Appellant's duty, however, to allege and prove the applicability of the exceptions, and that the petition was filed within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A § 9545(b)(2). Failure to do so precludes further review of the petition. ***See***, ***e.g.***, ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Here, Appellant's judgment became final on April 18, 2005, at the expiration of 30 days for filing a direct appeal. ***See*** Pa.R.A.P. 903; 42 Pa.C.S.A. § 9545(b)(3). Appellant had one year from that date to file a timely PCRA petition. The instant petition was filed on January 28, 2013, more than seven years after the expiration of the above deadline. The petition is, therefore, facially untimely. Thus, Appellant had to allege and prove he met one of the exceptions to the time-bar. Appellant did not do

so.[2]    Accordingly, we affirm the order of the PCRA court dismissing Appellant's instant petition as untimely.[3]    We direct that a copy of the trial court's July 28, 2015 opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/24/2016

---

[2] On appeal, for the first time, Appellant alleges that he met the "governmental interference" exception because the trial court failed to appoint counsel in connection with his October 21, 2005 motion.  Appellant's Brief at 15.  The argument is waived.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").  In any event, it is well-settled that the timeliness exceptions must be pled in the PCRA petition.  **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007) ("[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal.").  Here, Appellant did not even acknowledge a timeliness issue, let alone address the applicability of any exception in his petition.  Additionally, we do not see any connection between the trial court's alleged "error" in 2005 and the untimeliness of the instant petition.  Finally, nowhere did Appellant state when he first learned of the "governmental interference" and what prevented him from filing a petition within 60 days from the discovery of the interference.  **See** 42 Pa.C.S.A. § 9545(b)(2).

[3] We also note that Appellant failed to file a Rule 1925(b) statement, despite the PCRA court's order to do so.  Failure to file said statement generally results in a waiver of the issues raised on appeal.  **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011).

- 4 -

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF
PENNSYLVANIA

v.

LANNY B. HARRIS

: CP-51-CR-0903241-2002
:
:
:
:
: SUPERIOR COURT
: 1901 EDA 2015
:
: **FILED**
:
: JUL 2 8 2015

**O P I N I O N**

Criminal Appeals Unit
First Judicial District of PA

**CHRIS R. WOGAN, J.**

### Procedural Posture

On December 5, 2002, defendant entered into a negotiated guilty plea to PWID (possessing cocaine with the intent to deliver) and was sentenced to 36 months reporting probation, 35 P.S. §780-113(a)(30). At a violation of probation (VOP) hearing on March 17, 2005, defendant was found in direct violation of this probation by committing a murder six months after being placed on probation by this court (N.T. 3/17/05, p. 8). He was sentenced to five to ten years incarceration.



CP-51-CR-0903241-2002 Comm. v. Harris, Lanny
Opinion

324831961

1

Defendant filed a "Petition To Reconsider VOP Sentence" on March 24, 2005, which was denied on April 21, 2005.[1]

On August 29, 2006, defendant filed a "Writ of Habeas Corpus Relief/Dismissal Correction of Sentence..." This "writ" was classified by the court system as a Petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §9541, *et seq.* PCRA counsel, Emily Beth Cherniack, Esquire, entered her appearance on January 18, 2007, and filed a *Finley* letter and Petition To Withdraw As Counsel on April 24, 2009.[2] On April 24, 2009, this court filed a dismissal Notice under Pa.R.Crim.P. 907, writing that the issues raised in defendant's petition were without merit, and his attorney also determined that the issues raised were without merit. The PCRA Petition was formally dismissed on May 22, 2009.

On January 28, 2013, defendant filed a *pro se* second PCRA Petition. After a hearing on September 23, 2013, this court sent defendant a 907 Notice that it was going to dismiss his second PCRA Petition as untimely; on October 7, 2013, the

---

[1] These dates are according to the Secure Docket in this case. Defendant states that he filed the reconsideration of sentence on March 17, 2005, and it was denied on March 24, 2005. PCRA counsel Emily Beth Cherniack, Esquire, also wrote those dates in her *Finley* Letter. *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988).

On October 21, 2005, defendant filed an untimely *pro se* "Motion For Modification Of Sentence *Nunc Pro Tunc.*"

[2] In her *Finley* letter, counsel wrote that petitioner did not file his claim until August, 2006, over a year after the trial court denied his Petition for Reconsideration of Sentence. "Therefore, this [petition] was not timely."

2

907 Notice was filed. On October 23, 2013, the second PCRA Petition was formally dismissed.

On November 26, 2013, a third *pro se* PCRA Petition was filed. On May 20, 2014, Sandjai Weaver, Esquire, entered her appearance. On August 14, 2014, a counseled Amended PCRA Petition was filed. On April 28, 2015, the Commonwealth agreed to *nunc pro tunc* reinstatement of defendant's appellate rights; on May 29, 2015, defendant's appellate rights were reinstated. On June 21, 2015, attorney Weaver filed a Motion to Withdraw as counsel.

On June 22, 2015, defendant filed a *pro se* Notice of Appeal. On July 1, 2015, and re-sent July 15, 2015, this court ordered *pro se* defendant to file a Statement Of Errors Complained Of On Appeal within 21 days of the date of the Order. The Superior Court Docket lists that defendant is being represented on appeal by Sandjai Weaver, Esquire. In the interest of time, this court will address the only issue that can be raised on appeal, the timeliness of the PCRA Petition.

## Discussion

Defendant sought reinstatement of his right to appeal this court's October 23, 2013, Order denying his second filed PCRA Petition. *See* Amended Petition Under The Post Conviction Relief Act, Aug. 14, 2014, ¶15. His second PCRA Petition was untimely filed because it was not filed within one year of the date his

judgment became final and defendant did not even plead any of the three exceptions to excuse the late filing. *See* 42 Pa.C.S. §9545(b).[3]

## Conclusion

Defendant's second PCRA Petition was untimely and did not plead any exceptions to the late filing. Defendant's PCRA Petition was properly dismissed and defendant's sentence should stand.

BY THE COURT:

CHRIS R. WOGAN, J.

---

[3] *See* 42 Pa.C.S. §9545, Jurisdiction and Proceedings
(b) Time for filing petition.--
(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
    (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
    (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
    (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.